# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD MARK DRAUGHN,

     Plaintiff,

                                   Case No. 24-12918

v.                               District Judge Brandy R. McMillion

                               Magistrate Judge Anthony P. Patti

OPTALIS HEALTHCARE CORP. et al.,

     Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS ACTION

**I.    RECOMMENDATION**:  Because it appears that Plaintiff is now deceased, and cannot continue this litigation, the Court should **DISMISS** this action.

**II.    REPORT:**

### A. Discussion

Plaintiff Ronald Mark Draughn initiated this action, alleging violations of 42 U.S.C. § 1983, Federal Nursing Home Reform Act, The Omnibus Budget Reconciliation Act of 1987, MCL 333.21713 et. Seq., the Michigan Department Regulatory Standards Governing Nursing Homes, R 325.1932 in relation to his claims of inhumane conditions and neglect.  (ECF Nos. 1, 15.)  The case was referred to me by Judge Brandy R. McMillion on January 2, 2025 for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 13.)

The Court issued a scheduling order, which has gone through a series of extensions due to Plaintiff's hospitalization and difficulties in reaching Plaintiff. (*See, e.g.,* 1/03/25 Text-Only Order; ECF Nos. 18, 21, 23.)  The last item sent to Plaintiff by the Court at his most recent address of record was returned as undeliverable. (ECF Nos. 24, 25.)  After the most recent extension, discovery closed December 16, 2025 and dispositive motions are due January 13, 2026.

On January 12, 2026, Court staff was notified by defense counsel that Plaintiff had passed away on December 27, 2025.  Defense counsel had been notified by a fact witness of Plaintiff's death.  The Court has not received official notification, but a Google search reveals that an individual with Plaintiff's name, Ronald Mark Draughn, with an obituary on the website of James H. Cole Funeral Homes.  *See* https://obits.jameshcole.com/ronald-draughn, last visited January 12, 2026.  It thus appears that defense counsel's information is accurate, and that Plaintiff is no longer able to pursue this litigation.

### B. Conclusion

For the reasons set forth in greater detail above, the Court should **DISMISS** this case, without prejudice to it being later pursued by his Estate, if appropriate, due to Plaintiff's death.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 12, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE